UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RHONDA BEAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:10-cv-10-SEB-WGH |
| | ) | |
| WAL-MART STORES, INC. | ) | |
| D/B/A WAL-MART STORE #1157, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR LEAVE TO
AMEND ANSWER TO RAISE NONPARTY DEFENSES**

This matter is before the Honorable William G. Hussmann, Jr., United States

Magistrate Judge, on defendant's Motion for Leave to Amend Answer to Raise

Nonparty Defenses filed December 30, 2009.  (Docket No. 8).  Plaintiff filed an

Objection on January 8, 2010.  (Docket No. 9).  Defendant filed its Reply in

Support on January 27, 2010.  (Docket No.11).

This is a personal injury action filed by plaintiff on September 14, 2009.

Plaintiff alleges in her Complaint that she was struck and injured by an automatic

door at the Wal-Mart Store on September 14, 2007, although defendant believes

that the accident may have occurred on October 14, 2007.  Plaintiff filed her initial

Complaint in the Jennings Circuit Court on September 14, 2009, and defendant

filed its Answer on November 2, 2009.

Plaintiff objects to this motion on the basis that the Complaint was plain on

its face, and defendant should have filed its nonparty defenses when it filed its

Answer on November 2, 2009.  Plaintiff argues that allowing the Amended Answer

-2-

would prejudice plaintiff since under Indiana's Comparative Fault Statute and the Statute of Limitations, plaintiff cannot now sue the door's manufacturer nor the company that services the door.

As defendant points out in its Reply in Support, plaintiff's choice to file this Complaint so close to the Statute of Limitations has prohibited defendant from being able to comply with naming nonparties prior to the expiration of the Statute of Limitations.  Under I.C. 34-51-2-16, defendant would have been required to name nonparties 45 days before the expiration of the Statute of Limitations, if plaintiff had filed the initial Complaint 150 days before the expiration of the Statute of Limitations.  This did not happen in the case before the court. Therefore, no prejudice (in the legal sense) has occurred to plaintiff in this case. Defendant, at this early stage of the litigation, is liberally allowed to amend the pleading.  Whether discovery will allow nonparty issues to be addressed by the jury remains to be decided at a later time.

The Motion for Leave to Amend Answer is **GRANTED.**

**SO ORDERED.**

**Dated:**  February 5, 2010

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Copies to:**

James  Funke
3135 W. County Road 150 N
North Vernon, IN 47265

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com