UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RHONDA BEAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:10-cv-10-WGH-SEB |
| | ) |
| WAL-MART STORES, INC. | ) |
| D/B/A WAL-MART STORE #1157, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO
## ENFORCE SETTLEMENT AGREEMENT

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's Motion to Enforce Settlement Agreement filed July 11, 2011.[1] (Docket Nos. 41-42). Plaintiff filed her response on August 30, 2011. (Docket No. 45). Defendant filed its reply brief on September 6, 2011. (Docket No. 47). The court conducted a hearing on Defendant's Motion on October 7, 2011. Appearing on behalf of Plaintiff was Anthony J. Castor. Defendant was represented at the hearing by Brian R. Bouggy. The Court heard testimony from Plaintiff, as well as one of her attorneys, James Funke. After considering the testimony of the witnesses, as well as the evidence presented and the parties' post-hearing briefs (Docket Nos.

---

[1] On April 13, 2010, the parties consented to Magistrate Judge jurisdiction in this case. (Docket No. 15). District Judge Sarah Evans Barker entered an Order of Reference on April 16, 2010. (Docket No. 16).

49, 52), the Court concludes that Defendant's Motion to Enforce Settlement Agreement must be **DENIED.**

## I. Findings of Fact

1. Plaintiff retained James Funke as her attorney prior to filing suit in Jennings Circuit Court. Mr. Funke filed suit and entered his appearance for her on September 14, 2009. (*See* Docket No. 1 at Ex. B).

2. When this case was removed to federal court, Mr. Funke – who only practices infrequently in federal court – sought out and received the assistance of Matthew Schad and William Stone in this matter as attorneys for Plaintiff.

3. Mr. Schad entered an appearance on April 5, 2010 (Docket No. 14), and Mr. Stone entered his appearance on April 22, 2010 (Docket No. 18).

4. At the time of removal, Plaintiff refused to agree that her damages were less than $75,000, and her prior offers to settle this case substantially exceeded $6,000.

5. At some point in time prior to January 21, 2011, Defendant tendered to Mr. Stone an offer to settle the case for $6,000.

6. At some point in time, Plaintiff and Mr. Stone discussed Defendant's offer.

7. Plaintiff testified that she did not agree to accept the Defendant's offer.

8. Notwithstanding Plaintiff's refusal to accept $6,000 to settle the claim, Mr. Stone sent an email to counsel for Defendant, Eric Reigner, stating: "Well, I

finally got a call from Ms. Beam. She has agreed to accept the offer of six thousand dollars. Can you confirm and advise the Court?" (Brief in Support of Motion to Enforce Settlement Agreement at Ex. A).

9. Mr. Reigner responded to Mr. Stone's email with his own email that said:

> Thanks. Settlement confirmed. We will need your tax ID and how to make the check payable. Due to the new Medicare reporting rules I will need her signature on the release before I can get the check. I will forward you the release next week. I will call the court Monday.

(*Id.*).

10. Mr. Reigner called the court to report settlement on or before January 28, 2011. (Docket No. 30).

11. No settlement communications between the parties occurred during a settlement conference or court-ordered mediation; Mr. Stone's correspondence to Mr. Reigner, therefore, did not occur in a court proceeding.

12. Plaintiff had no *direct* communications with Defendant indicating that Mr. Stone had the authority to settle this dispute.

## II. Discussion

In Indiana, an attorney's authority to enter into a settlement agreement on behalf of his client may be derived from two distinct sources: (1) the conduct of the client either toward third parties or toward the attorney; and (2) the nature of the proceedings where the settlement agreement was entered into. *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1301 (Ind. 1998). First, the conduct of the

client can confer either express, implied, or apparent authority upon the attorney. Second, the attorney may have the authority to settle a case, during a procedure in court, through the attorney's inherent agency power. *Id.* However, "[t]he law is clear that retention of an attorney by a client does not constitute implied authority to settle a claim nor does it constitute a manifestation to third parties that the attorney has apparent authority to do so in an out-of-court proceeding." *Bay v. Pulliam*, 872 N.E.2d 666, 668 (Ind. Ct. App. 2007)(citing *Koval*, 693 N.E.2d at 1301).

Defendant has the burden of proof of demonstrating that Mr. Stone had the express authority to settle this dispute for $6,000. In this case, the court concludes that Defendant has not conclusively carried its burden and, therefore, Plaintiff did not provide one of her attorneys at the time, Mr. Stone, with the express or actual authority to settle this suit for $6,000. Therefore, we must determine if Plaintiff's attorney had the implied or apparent authority to settle or if his inherent agency powers provided him with such authority.

**(a)  Implied Authority**

Implied authority can be obtained from words used, from customs, or from the relations of the parties involved. RESTATEMENT (SECOND) OF AGENCY § 7 cmt. c (1958). But, as the Indiana Supreme Court explained in *Koval*, the general rule in Indiana is that an attorney does not have the implied authority to settle a claim merely by being retained by the client. *Koval*, 693 N.E.2d at 1303. In this case, Plaintiff has invoked the attorney-client privilege with respect to her

-4-

communications with Mr. Stone, and the court is unable to discern that her actions toward Mr. Stone and Wal-Mart implied that she would accept the offer. Plaintiff's prior settlement demands had greatly exceeded the $6,000 amount that Defendant offered. Plaintiff acquiesced in the removal of this action to federal court and would not stipulate that her damages were less than the $75,000 necessary to allow the case to be remanded to state court. From these facts, the court is unable to determine that actions by Plaintiff, herself, directed toward Defendant or Mr. Stone created the implied authority that she would accept the $6,000 offer. Consequently, there was no implied authority to settle this case.

**(b)** **Apparent Authority**

Apparent authority exists when a third party reasonably believes an agent possesses authority because of some manifestation from the principal. *Pepkowski v. Life of Indiana Ins. Co.*, 535 N.E.2d 1164, 1166 (Ind.1989). As is the case with implied authority, apparent authority to settle is not conferred simply by the retention of an attorney. *Koval*, 693 N.E.2d at 1304. There must be some form of communication, either direct or indirect, from the principal that instills a reasonable belief in the mind of the third party. *Pepkowski*, 535 N.E.2d at 1167. As the Indiana Supreme Court has explained, apparent authority can only come from the direct or indirect manifestations of the principal, but does not arise "from the representations or acts of the agent." *Menard, Inc. v. Dage-MTI, Inc.*, 726 N.E.2d 1206, 1210 (Ind. 2000). Therefore, an attorney cannot

simply inform the opposing party that he has the authority to settle. *See Jarvis Drilling, Inc. v. Midwest Oil Producing Co.*, 626 N.E.2d 821, 826 (Ind. Ct. App.1993); *see also Bay v. Pulliam,* 872 N.E.2d at 668 ("the Nunn Law Office could not gain apparent authority to settle the claim with Zurich by merely representing that the attorney had such authority. The manifestation must have come from the [principal].").

In this case, the only evidence that has been presented to the court is an email in which Mr. Stone merely represents that he has been given the authority to settle the case by Plaintiff. (Brief in Support of Motion to Enforce Settlement Agreement at Ex. A). There is no other manifestation by Plaintiff, either directly or indirectly, that indicated that Mr. Stone had the authority to settle for $6,000. Therefore, under Indiana law, Mr. Stone did not have the apparent authority to settle this case.

**(c)    Inherent Agency Power**

In Indiana, an individual may be bound by his attorney's actions even if the attorney lacked express, implied, or apparent authority. Through an attorney's inherent power as a special agent for his client, an attorney may bind his client during court proceedings. *Koval,* 693 N.E.2d at 1306. "In contrast to court proceedings, when an attorney represents a client out of court, custom does not create an expectation of settlement or compromise without the client's signing off." *Id.*

In this case, because the settlement discussions did not occur during court proceedings, Mr. Stone's communications to Mr. Reigner cannot be held to bind Plaintiff under principles of inherent agency authority.

### III.  Conclusion

For the reasons discussed above, Defendant's Motion to Enforce Settlement Agreement is **DENIED.**  This case is admittedly a very close question as to the issue of whether Mr. Stone's email was at least an "indirect" form of communication from Plaintiff that created apparent authority to settle the case. However, the court believes that the public is better served by the resolution of the underlying dispute on its merits, rather than on a disputed issue of whether settlement should be enforced where there was apparently some failure of communication between attorney and client.

This matter remains set for a settlement conference on January 20, 2012, at 3:00 p.m. (EST), in Room 228, U.S. Courthouse, New Albany, Indiana. Client(s) or client representative(s) with full authority to settle this matter must be present in person at this conference.

**SO ORDERED.**

**Dated:**  November 7, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Brian R. Bouggy
FROST BROWN TODD LLC
bbouggy@fbtlaw.com

Anthony J. Castor
ANTHONY J. CASTOR
ajcastor@madisonindianalawyer.com

James Funke
3135 W. County Road 150 N
North Vernon, IN 47265

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com