UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

```
RHONDA BEAM,                       )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    4:10-cv-10-WGH-SEB
                                   )
WAL-MART STORES, INC.              )
D/B/A WAL-MART STORE #1157,        )
                                   )
            Defendant.             )
```

## ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, based on the parties' consent to Magistrate Judge jurisdiction found in the parties' Case Management Plan (Docket No. 15) and the Order of Reference (Docket No. 16). Defendant filed a Motion for Summary Judgment on July 25, 2012. (Docket Nos. 68-69). Notice to the pro se Plaintiff was directed by the court on August 22, 2012. (Docket No. 70). The pro se Plaintiff was allowed until October 18, 2012, to file her response, but she has not done so.

Plaintiff alleges that she was injured in the Defendant's store. Under Indiana law, a claim for negligence requires the pro se Plaintiff to establish three elements:

> (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff, (2) a failure of the defendant to conform his conduct to the requisite

> standard of care required by the relationship, and (3) an injury to the plaintiff proximately caused by the breach.

*Webb v. Jarvis*, 575 N.E.2d 992, 995 (Ind. 1991) (citing *Miller v. Griesel*, 308 N.E.2d 701, 706 (Ind. 1974)).

Indiana courts have long held that "negligence cannot be inferred from the mere fact of an accident, absent special circumstances." *See, e.g., Hale v. Community Hosp. of Indianapolis, Inc.*, 567 N.E.2d 842, 843 (Ind. Ct. App. 1991). Similarly, "negligence cannot be established through inferential speculation alone." *Id.* Indiana law provides that "[i]n order to satisfy his or her burden of proof, a plaintiff must present evidence of probative value based on facts, or inferences to be drawn from the facts, establishing that the wrongful act was the cause in fact of the occurrence and that the occurrence was the cause in fact of the injury." *Estate of Carter v. Szymczak*, 951 N.E.2d 1, 3 (Ind. Ct. App. 2011).

After this case has been pending three years, Plaintiff has not presented any evidence to support her claim of negligence. Because Plaintiff has failed to present any admissible evidence in support of her claim of negligence, the Motion for Summary Judgment is **GRANTED**. Final judgment shall be entered accordingly.

**SO ORDERED** the 29th day of October, 2012.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Brian R. Bouggy
FROST BROWN TODD LLC
bbouggy@fbtlaw.com

Matthew Reed King
FROST BROWN TODD LLC
mking@fbtlaw.com

Eric A. Riegner
FROST BROWN TODD LLC
eriegner@fbtlaw.com

**Mail copy to:**

Rhonda Beam
P.O. Box 132
Vernon, IN  47282